IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:10cv017

| | |
|---|---|
| IVA J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 13] and the Defendant's Motion for Judgment on the Pleadings. [Doc. 16]. For the reasons stated below, the decision appealed from will be reversed, and this matter remanded for further proceedings.

I. PROCEDURAL HISTORY

The Plaintiff Iva Smith filed an application for a period of disability and disability insurance benefits, and Supplemental Security Income on March 3, 2004, alleging that she had become disabled as of November 16, 2001. [Transcript ("T.") 57]. The claim proceeded to a hearing on April 4, 2006 [T. 448-497], which was followed by an unfavorable decision dated January

26, 2007. [T. 15-26]. A second application, alleging the same onset date, was protectively filed on February 6, 2007.

The January 26, 2007 decision was appealed, and the Agency consented to remand. [T. 560-1]. The Appeals Council remanded it to an ALJ with specific instructions on September 8, 2008. [T. 558-9].

The second application was denied initially and on reconsideration. It and the remanded first application were consolidated for hearing. That hearing was held before Administrative Law Judge ("ALJ") Gregory Wilson on June 3, 2009. [T. 578-613]. On September 21, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 512-533]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 501-3]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. <u>Id.</u> Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. <u>Id.</u> Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. <u>Id.</u> Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. <u>Id.</u>

## IV. THE ALJ'S DECISION

On September 21, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 512-533]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 16, 2003, the amended alleged onset date (AOD). [T. 515]. The ALJ then determined that degenerative disc disease of the cervical, thoracic and lumbar spine with radiculopathy; bilateral congenital knee deformity status post corrective surgical fixation; major depression disorder; post-traumatic stress disorder; somatization disorder; and borderline personality disorder were severe impairments. [T. 515]. The ALJ concluded that the Plaintiff's impairments did not meet or equal a listing. [T. 518].

He then determined that Plaintiff's condition evolved during the years since onset, necessitating a bifurcation of her residual functional capacity divided at December 31, 2007. [T. 521]. He determined that Plaintiff, on and before December 31, 2007, retained the residual functional capacity to perform medium work with certain additional limitations. Those were occasional stooping and crouching, frequent climbing (including ladders, ropes and scaffolds), balancing, kneeling and crawling, and overhead reaching. She was limited to performing level 3 and 4 Specific Vocational

5

Preparation (i.e. SVP 3 and 4) work, that being detailed but not complex work, and required a low-stress work environment, defined as one which involved only occasional public contact simple, repetitive jobs. [T. 521]. He found that after December 31, 2007, Plaintiff was capable of light work with certain additional limitations. Those were alternating among sitting, standing and walking after 1 hour; occasional stooping, crouching, and pushing and pulling with her right upper and lower extremities; frequent climbing, kneeling, crawling, and handling and fingering with her right upper extremity. She could frequently reach overhead with her bilateral upper extremities, and could perform SVP 3 and 4 work, that being detailed but not complex work. She required a low-stress work environment, defined as one which involves only occasional public contact.

  The ALJ found that on and before December 31, 2007, Plaintiff could perform her past relevant work as a certified nursing assistant and a sewing worker. [T. 529]. He found that after December 31, 2007, Plaintiff could not perform her past relevant work. Her age, however, changed from being in a category of a younger individual to one closely approaching advanced age after January 1, 2008, her education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could perform. [T. 531]. Accordingly, he

6

concluded that the Plaintiff was not disabled from November 16, 2003 (the amended date of onset) through the date of his decision. [T. 532].

## VI. DISCUSSION

Plaintiff asserts three assignments of error. She challenges the ALJ's assessment of her Residual Funcational Capacity (RFC), the medical opinion evidence, and her credibility.

Plaintiff's first assignment of error will result in reversal. She specifies that "despite finding severe mental impairments (T. 515, 530), the RFC does not include detailed mental limitations in each functional area, and is vague, confusing and unsupported. ... He apparently thinks [sic] that SVP is related in some way to mental RFC, but there is no basis for his conclusion in the record. The ALJ is required to say how the evidence supports each conclusion (SSR 96-8p)." [Doc. 14-19].

In composing the decision appealed from, the ALJ was bound by the instructions of the Appeals Council dated September, 2008. Those implement the District Court's April 25, 2008 Order to "rat[e] Plaintiff's degree of limitation in each of the four functional areas," [T. 560] and include, *inter alia*, a requirement to "[f]urther evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a . . . documenting application of the technique in the decision by

7

providing specific findings and appropriate rationale for each of the functional areas. . ." [T. 559].

The special technique identified in the regulation must be applied at each of the five steps of the sequential evaluation. The Court finds the ALJ's application of the special technique at steps two and three to comply with the Appeals Council's instruction to state Plaintiff's mental limitations in the four functional areas. The special technique requires more at step four, however, than he provided. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF." SSR 96-8p at *4.

The ALJ found that both before and after December 31, 2007, Plaintiff could perform "SVP 3 and 4 work, that being detailed but not complex work . . . [and] required a low-stress work environment, defined as one which involves only occasional public contact." As Plaintiff notes, SVP is a vocational concept, not a psychological one. General psychological inferences may be available from that vocational concept, as Defendant notes. By simply stating a generalization or relying in what is merely

implied regarding a mental RFC at step four does not, however, satisfy the Appeals Council's specific directive to reapply the special technique.

The question remains what remedy this error requires. This claim has been pending for a long time. It has been remanded once previously, in part related to the same issue that gives rise to this remand. This raises the question of whether the proper remedy in this matter would be to remand for the immediate award of benefits. *See* Wilder v. Apfel, 153 F.3d 799 (7th Cir. 1998).

To do so, however, would require "evidence that compels the conclusion that Plaintiff is disabled." *See* Schall v. Apfel, 134 F.3d 496, 504 (2d Cir.1998). The record does not support such a finding. Therefore the matter will be remanded for further proceedings not inconsistent with this decision.

## **CONCLUSION**

This error requires remand. Upon remand, the ALJ shall follow the prior directives of this Court and the Appeals Council. The ALJ shall also consider the change in Plaintiff's age classification during the period under appeal, and consider whether the evidence supports an alternate disability onset date.

9

In light of this decision, Plaintiff's other assignments of error need not be addressed, but he is free to raise them upon remand.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **GRANTED,** only to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying him disability benefits.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for further administrative action consistent herewith.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 16] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 13, 2011

Martin Reidinger
United States District Judge